IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESSOCIATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEVERBLUE MEDIA, INC., <br><br> Defendant. | Case No.: 3:11-cv-00714-WMC |

### DEFENDANT NEVERBLUE MEDIA COMPANY'S MOTION TO STRIKE PLAINTIFF ESSOCIATE'S INFRINGEMENT CONTENTIONS WITH PREJUDICE AND REQUEST FOR HEARING

Defendant Neverblue Media Company ("Neverblue"), by and through its undersigned counsel, submits this Motion to Strike Plaintiff Essociate, Inc.'s ("Essociate") Infringement Contentions with Prejudice And Request for Hearing. The nature and basis of the motion is set forth below and in Neverblue's Brief in Support, file contemporaneously to this motion.

1. Pursuant to the Court's pretrial conference order, Essociate's deadline for serving infringement contentions was April 6, 2012.

2. On April 6, 2012, Essociate served infringement contentions that were inadequate. The <u>entirety</u> of Essociate's infringement analysis amounts to:

| '660 Patent Claims Asserted | Accused Device |
|---|---|
| Claims 1, 10, 15, 23, 28, 36 | The online affiliate marketing network operated by Defendant at <<http://www.neverblue.com>>. |

Ex. C to Neverblue's Brief in Support at 2.

3. Infringement contentions are meant to focus the scope of a case for discovery, summary judgment, and trial, and to "provide reasonable notice to the defendant why the

1

plaintiff believes it has a reasonable chance of proving infringement." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010); *see also O2 Micro, Inc. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Thus, at a minimum Essociate's infringement contentions should have reflected its pre-filing investigation and included an element-by-element analysis of an accused device. *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073–74 (Fed. Cir. 2002) ("[C]ounsel must make a reasonable effort to determine whether the accused device satisfies each of the claim limitations."); *View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (finding inadequate pre-suit investigation when counsel could not explain "exactly why, on an element by element basis," the accused device infringed the asserted patents).

4. Essociate's infringement contentions fail to articulate a theory of infringement, fail to identify an accused device, and fail to provide an element-by-element analysis. Accordingly, Essociate's contentions should be struck.

5. Essociate's failure to file proper infringement contentions constitutes failure to comply with the Court's scheduling order. Modification of that order is only available upon a showing of good cause. Fed. R. Civ. Pro. 16(b)(4). The "good cause" inquiry focuses on a party's diligence. *Trustmark Ins. Co. v. Gen. & Cologne Life re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). In the context of infringement or invalidity contentions, a party must demonstrate reasonable diligence in seeking to amend its contentions after the discovery of new evidence revealing the existence of the new contention. *See, e.g., Sybase, Inc. v. Vertica Sys., Inc.*, No. 6:08 CV 24, 2009 WL 4574690, at *2–3 (E.D. Tex. Nov. 30, 2009); *Monolithic Power Sys., Inc. v. O2 Mico Int'l Ltd.*, No. C 08-04567 CW, 2009 WL 3353306, at *2 (N.D. Cal. Oct. 16, 2009).

6. Essociate cannot demonstrate good cause because it cannot cite the discovery of new evidence justifying their failure to comply with the Court's deadline. To the contrary, Essociate's infringement contentions should have included its pre-filing investigation, which was necessarily within Essociate's control. Furthermore, Essociate's lack of diligence is particularly unjustifiable when Neverblue has – on two previous occasions – filed papers with this Court requesting at least minimal notice of Essociate's allegations.

WHEREFORE, Neverblue respectfully prays the Court strike Essociate's infringement contentions with prejudice. Neverblue requests a hearing on this matter.

Dated this 10th day of May, 2012.

          POLSINELLI SHUGHART PC

          By:    /s/ John A. Leja
          JOHN A. LEJA *(Admitted Pro Hac Vice)*
          161 N. Clark Street, Suite 4200
          Chicago, IL 60601
          Telephone: (312) 873-3670
          Facsimile: (312) 819-1910

          ROBYN H. AST *(Admitted Pro Hac Vice)*
          100 South 4th Street, Suite 1000
          St. Louis, MO 63102
          Telephone: (314) 889-8000
          Facsimile: (314) 231-1776

          ATTORNEYS FOR DEFENDANT
          NEVERBLUE MEDIA COMPANY

**CERTFICIATE OF SERVICE**

I hereby certify that on the 10th day of May, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent Notice of Electronic Filing to all registered counsel of record.

          /s/ John A. Leja

2198273.1