## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **ESSOCIATE, INC.,** )<br>     **Plaintiff,** )<br>       )<br>     **v.** )<br>**NEVERBLUE MEDIA, INC.,** )<br>       )<br>     **Defendant.** )<br>       )<br>       )<br>       )<br>       ) | **Case No.: 3:11-cv-00714-WMC** |

## DEFENDANT NEVERBLUE MEDIA COMPANY'S
## BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
## PLAINTIFF ESSOCIATE'S INFRINGEMENT CONTENTIONS WITH PREJUDICE

Defendant Neverblue Media Company ("Neverblue"), by and through its undersigned counsel, in support of its motion to strike Plaintiff Essociate, Inc.'s ("Essociate") infringement contentions with prejudice, respectfully states:

### INTRODUCTION

In this patent infringement case, Neverblue continues to be at the disadvantage of not knowing what product is accused of infringement and under what theory of infringement Essociate believed they had sufficient grounds to file a complaint. Since the beginning of this case, Neverblue has tried to illicit those simple facts from Essociate. For example, three months ago, Neverblue filed a motion to dismiss the initial complaint due to the inadequacy of Essociate's pleadings and its failure to provide notice of its claims. Neverblue then restated those same concerns when Essociate filed its amended complaint. Hoping to finally receive this critical information, Neverblue received Essociate's recently served infringement contentions with anticipation. Instead of providing at the very least the basis under which Essociate satisfied its Rule 11 burden of pre-filing investigation, Essociate's contentions – unaccompanied by any analysis – merely identify six asserted claims allegedly infringed by a nebulous, undefined

1

"online affiliate marketing network," without any application of the accused device to the elements of the alleged infringed claims.

Essociate's contentions are deficient and raise serious questions about whether it conducted a proper pre-filing investigation before filing suit against Neverblue. Accordingly, Neverblue's infringement contentions should be struck as woefully inadequate and failing to meet the spirit and purpose of infringement contentions as ordered by this Court. Furthermore, as this is Essociate's *third* failure to give proper notice of its claims, Essociate should not be granted leave to amend its contentions – they should be struck with prejudice. Neveblue requests a hearing on this matter.

## BACKGROUND

This is a suit for patent infringement. Essociate owns United States Patent No. 6,804,660 ("the '660 Patent"), entitled "System Method and Article of Manufacture for Internet Based Affiliate Pooling." Ex. A, '660 Patent. Essociate is a frequent flier that has sued more than a dozen entities for infringement of the '660 Patent. Ex. B, Case Reports. Its present counsel, Newman | DuWors LLP has represented it in each action. *Id.*

## I.    The Operative Pleadings

Essociate filed suit against Neverblue on October 18, 2011. *Dkt.* # 1, Compl. Neverblue is a performance-based online marketing company specializing in lead generation and client acquisition. Neverblue teams with advertisers and affiliates to provide display, email, mobile, search, and social network marketing. Ex. C, Neverblue Website.

As explained in Neverblue's motion to dismiss, or in the alternative to transfer, Essociate's original complaint consisted of nothing but conclusory allegations that failed to particularly identify the products and claims at issue in this case. *See dkt.* # 21 at 6–8. In an

2

apparent concession of the inadequacy of its complaint, Essociate responded to that motion by filing a first amended complaint. *See dkt. #* at 25. But, as explained in Neverblue's reply-in-support, Essociate's amended complaint still failed to satisfy the federal pleading rules because it did not identify particular claims and products. *Dkt. #* 28 at 2–5. As Neverblue observed, Essociate had no excuse for omitting information it necessarily compiled during its mandatory pre-suit investigation. *Dkt. #* 21 at 8; *dkt. #* 28 at 3.

## II.    This Court's Pretrial Conference Order

On February 13, 2012, this Court entered a pretrial conference order setting the schedule for this case. *Dkt. #* 24. The Court cautioned that "[t]he parties should not expect to receive extensions of the deadlines set in this Order. It is each party's responsibility to complete all necessary work within the time allotted." *Id.* at 1. The Court also set an April 6 deadline for Essociate to serve its infringement contentions and "identify each claim in each patent being asserted against each accused device." *Id.* at 2.

## III.   Essociate's Infringement Contentions

On April 6, 2012, Essociate timely served its infringement contentions. Ex. D. Essociate's contentions state *in full*:

> Pursuant to this Court's February 13, 2012 Preliminary Pretrial Conference Order (Dkt. No. 24), Plaintiff Essociate, Inc. hereby identifies the following claims in U.S. Patent No. 6,804,660 (the "'660 Patent") being asserted against each of the following accused devices:

| '660 Patent Claims Asserted | Accused Device |
|---|---|
| Claims 1, 10, 15, 23, 28, 36 | The online affiliate marketing network operated by Defendant at <<http://www.neverblue.com>>. |

> On information and belief, Defendant's online affiliate marketing network at <<http://www.neverblue.com>> infringes additional

> claims of the '660 Patent. Essociate has served discovery in an
> attempt to confirm that infringement and will serve amended
> contentions promptly upon discovering information confirming
> that additional infringement.

Ex. D. at 2.

## IV. Parties' Meet & Confer Unsuccessful

During a meet and confer on April 25, 2012, Neverblue informed Essociate that its infringement contentions satisfied the Court's Pretrial Conference Order and were consistent with infringement contentions that are typically filed in this District. Ex. H, Leja Decl. at 4. Nonetheless, Essociate promised to "supplement" the contentions with further detail. *Id.* at ¶ 5. More than two weeks have elapsed, however, and Essociate has failed to deliver the promised supplementation. *Id.* at ¶ 6. In light of Monday's deadline for Neverblue to serve its claim construction proposals, Essociate's failure to supplement constitutes an impasse that necessitates the filing of the present motion.

## ARGUMENT

This Court, like many, helps drive and focus patent infringement cases by providing deadlines for serving infringement and invalidity contentions. The purpose of these contentions is to narrow and focus the disputed issues for discovery, summary judgment, and trial. Contentions only serve this purpose if they shed light on the parties' respective positions. Essociate's contentions are so devoid of substance they fail to articulate an infringement theory and raise serious questions about the whether Essociate conducted a proper pre-filing investigation. It is reasonable to expect that Essociate would have at least explained its pre-filing infringement theories in its infringement contentions, but it did not. Essociate cannot show good cause for its failure to follow the order of this Court and serve contentions that, at very least, explain its pre-filing theories. Due to Essociate's repeated failure to provide support for its

claims and proof of its pre-filing investigation, Essociate's infringement contentions should be struck with prejudice.

## I.    Essociate's Infringement Contentions Are Inadequate

Essociate's infringement contentions merely repeat its threadbare notice pleading allegations contained in its first amended complaint and add no further substance. *See dkt.* 28 at 2–5 (explaining Essociate's first amended complaint fails to satisfy the federal pleading standard). The contentions identify every independent claim in the '660 Patent, purportedly reserve the right to assert "additional claims," and vaguely accuse an undefined, unidentified "online affiliate marketing network" operated at Neverblue's website. As explained below, the contentions are inadequate because they do not narrow the scope of this case by articulating specific infringement theories, such as direct or literal infringement, contributory infringement, inducement to infringe and/or doctrine of equivalents. Furthermore, the contentions do not make any attempt to apply the accused device to the elements of the claim.

### A.    Proper Contentions Confine Discovery & Sharpen Issues for Trial

Discovery serves two purposes: (1) enabling the parties to develop facts to support their claims and defenses; and (2) allowing the parties to "pin down" the others' respective liability or defense theories. *See O2 Micro, Inc. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). But as the Federal Circuit has recognized, [1] "[i]n practice the latter objective . . . has been difficult to achieve through traditional discovery mechanisms." *Id.* Patent-specific rules or scheduling orders "are designed to address this problem by requiring both the plaintiff and the

---

[1] Deadlines that "require parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim constructions . . . are intimately involved in the substance of enforcement of the patent right and must be governed by the law of" the Federal Circuit. *O2 Micro, Inc. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). Although this Court has not adopted local "Patent Rules," cases discussing other district's patent rules are authoritative because such rules "are essentially a series of case management orders." *Id.* at 1364.

defendant . . . to provide early notice of their infringement and validity contentions." *Id.* at 1366. These deadlines "seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *Id.*

Contentions are necessarily more specific than the liberal notice pleading standard required by the Federal Rules. *O2 Micro*, 467 F.3d at 1365 (explaining that "[w]hile a party asserting a claim . . . must have a reasonable basis for filing suit, the Federal Rules require only notice pleading" thus necessitating infringement contentions). At the least, initial infringement contentions should articulate a plaintiff's basis for filing suit. *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) ("[A]ll courts agree that the degree of specificity [in infringement contentions] must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" (quoting *View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). And at a minimum, a proper pre-filing investigation must compare a particular accused device with the asserted patent claims. *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073–74 (Fed. Cir. 2002) ("[C]ounsel must make a reasonable effort to determine whether the accused device satisfies each of the claim limitations."); *View Eng'g*, 208 F.3d at 986 (finding inadequate pre-suit investigation when counsel could not explain "exactly why, on an element by element basis," the accused device infringed the asserted patents).

## B.    Essociate's Contentions Do Not State An Infringement Theory

The entirety of Essociate's infringement "analysis" amounts to the following:

| '660 Patent Claims Asserted | Accused Device |
|---|---|
| Claims 1, 10, 15, 23, 28, 36 | The online affiliate marketing network operated by Defendant at <<http://www.neverblue.com>>. |

6

This is nothing more than a disclosure of currently asserted claims. But the case scheduling order requires the submission of "Infringement Contentions". The disclosure of contentions on case determinative facts, as explained above, requires more than merely listing the currently asserted claims and reserving the right to assert more claims later.

For example, Essociate's contentions fail because Essociate identifies six "asserted claims" but does not articulate its basis for believing all the elements of the claims are met. If Essociate satisfied Rule 11, then it must have performed this analysis already. But Essociate did not set forth that analysis in its contentions – no claim elements are enumerated, no elements of an accused device are correlated to them. In prior cases involving the patent-in-suit, Essociate's infringement contentions provided a great deal more information to the defendants. For example, in Essociate v. ShareASale, the preliminary infringement contentions provided an element by element analysis of the accused instrumentality. *See* Exhibit E.

Additionally, Essociate's identification of an accused device is inadequate. For example, what is "[t]he online affiliate marketing network operated by [Neverblue] at <<http://www.neverblue.com>>?" Neverblue's website is publicly accessible. Essociate has demonstrated its capacity to visit and excerpt specific portions of the website. *E.g.*, *Dkt.* # 10-2 (submitting as an exhibit a press release taken from Neverblue's website). It follows that Essociate can excerpt other portions of the website and particularly identify or define what aspects of the website are the accused device. Instead, Essociate vaguely refers to a nebulous "online affiliate marketing network." Such vagueness is tantamount to failing to identify an accused device at all. Essociate's infringement contentions are inadequate for this reason alone.

## C.    Neverblue's Website Cannot Be The Accused Device

Essociate accuses an "online affiliate marketing network" allegedly operated at www.neverblue.com of being the infringing device, but Neverblue's website is merely promotional and informational. *E.g.*, Exhibit F, Neverblue's Homepage. That is, the website advertises Neverblue's services, but it does not "do" anything in and of itself. A chart documenting the publicly accessible web pages hosted on www.neverblue.com demonstrates that the website is simply a commercial presence designed to attract affiliates and advertisers. *See* Exhibit G. It is not apparent how any aspect of the website constitutes the "online affiliate marketing network" that Essociate ostensibly accuses of infringement.

Essociate has failed to fulfill the spirit and purpose of infringement contentions, which is to narrow and sharpen issues for discovery and trial. Accordingly, Essociate's contentions should be struck.

## D.    Infancy of Case and Limited Discovery-To-Date Are Not an Excuse

The dearth of substance in Essociate's infringement contentions cannot be excused by the relative infancy of this case or the limited production of discovery.[2] Although the Federal Rules establish a system for gradually identifying and refining "issues in dispute as more information becomes available," *O2 Micro*, 467 F.3d at 1366, at this stage Essociate's infringement contentions should at least reflect its pre-suit investigation. Essociate cannot have brought suit based on a mere unsupported assumption that Neverblue infringes and just hope that discovery would produce evidence to justify the assumption. *View Eng'g*, 208 F.3d at 985. At a minimum, Essociate must have had evidence from its pre-filing investigation sufficient to permit a reasonable inference of infringement. *Antonious*, 275 F.3d at 1075. Thus, even at this stage of

---

[2] The parties have served and responded to initial written discovery requests. Neither party has yet to produce documents or things pending privilege review and entry of an appropriate protective order, which the parties are negotiating.

these proceedings, Essociate's contentions should have included more information than it chose to include and Neverblue continues to be at an unfair disadvantage in this litigation.

## E.   Essociate's Infringement Contentions Are Not Consistent with Those Typically Filed In this District

Contrary to Essociate's representations during the April 25th meet and confer, its infringement contentions are *not* consistent with those typically filed in this District. Although infringement contentions need not be filed in this District – and when they are filed as an exhibit to another pleading, they are often filed under seal – Neverblue was able to identify eleven examples of appropriate infringement contentions:

- *Almondnet, Inc. v. Microsoft Corp.*, Case No. 3:10-cv-298, Dkt. # 21-1;
- *Apple, Inc. v. Motorola, Inc.*, Case No. 3:10-cv-662, Dkts. ## 97–19 through 97-28;
- *E2Interactive, Inc. v. Blackhawk Network, Inc.*, Case No. 3:09-cv-629, Dkt. # 154-8;
- *Cheese Sys., Inc. v. Tetra Pak Cheese and Powder Sys., Inc.*, Case No. 3:11-cv-21, Dkt. # 59-8;
- *Grice Eng'g, Inc. v. JG Innovations, Inc.*, Case No. 3:09-cv-632, Dkt. # 78-1;
- *Northmobiletech, Inc. v. General Growth Properties, Inc.*, Case No. 3:11-cv-291, Dkt. # 49-11;
- *Michael Foods, Inc. v. Nat'l Pasteurized Eggs, Inc.*, Case No. 3:11-cv-534, Dkt. # 62-8;
- *Out Rage, LLC v. New Archery Products Corp.*, Case No. 3:11-cv-701, Dkt. # 44-1;
- *Privacash, Inc. v. Am. Express Co.*, Case No. 3:09-cv-391, Dkt. # 39-2;
- *Rockwell Automation, Inc. v. Wago Corp.*, No. 3:10-cv-718, Dkt. # 24-2 through 24-9; and
- *SCA Tissue N. Am., LLC v. Tarzana Entrps., LLC*, No. 3:11-cv-316, Dkt. #28-8.

In each of the above cases, the infringement contentions specifically identified accused products and included details charts comparing each element of the asserted claims to those accused products. The only case in which Neverblue found infringement contentions similar to Essociate's was *Spam Arrest LLC v. Rhino Software, Inc.*, Case No. 3:10-cv-669, Dkt. # 129-13. Notably, counsel of record for *Spam Arrest* was the same as present counsel for Essociate. Thus, while Essociate's threadbare infringement contentions may be typical for Newman | Du Wors, they are not typical of the infringement contentions normally filed in this District.

## F.   Essociate's Infringement Contentions Should Be Struck

Essociate's infringement contentions are grossly inadequate. They fail to identify a particular accused product. Without further description or definition, the reference to an "online affiliate marketing network" provides no meaningful insight into what is accused. Moreover, the mere identification of six claims without an element-by-element analysis – or any analysis at all – is insufficient to articulate a theory of infringement. Essociate's contentions are merely an accounting of claims currently asserted in the amended complaint and, accordingly, they must be struck.

## II.   Essociate Should Not Be Granted Leave to Amend Its Contentions

The deadline for serving infringement contentions was a Court ordered schedule subject to modification only upon a showing of good cause. Fed. R. Civ. Pro. 16(b)(4). The "good cause" inquiry focuses on a party's diligence. *Trustmark Ins. Co. v. Gen. & Cologne Life re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). In the context of infringement or invalidity contentions, a party must demonstrate reasonable diligence in seeking to amend its contentions after the discovery of new evidence revealing the existence of the new contention. *See, e.g., Sybase, Inc. v. Vertica Sys., Inc.*, No. 6:08 CV 24, 2009 WL 4574690, at \*2–3 (E.D. Tex. Nov. 30, 2009) (denying motion for leave to amend contentions when plaintiff had access to the "new" evidence for more than four months); *Monolithic Power Sys., Inc. v. O2 Mico Int'l Ltd.*, No. C 08-04567 CW, 2009 WL 3353306, at \*2 (N.D. Cal. Oct. 16, 2009) (denying motion to amend infringement contentions because movant had previous access to nonpublic information that formed basis of new contentions).

Essociate cannot demonstrate good cause for its failure to file adequate infringement contentions. As previously discussed, even at this stage of the case and without written discovery, Essociate should have filed infringement contentions reflecting its pre-filing

10

investigation. Essociate's pre-filing investigation is necessarily within its control. Thus, Essociate cannot claim the discovery of "new" evidence that would warrant amending its present contentions.

Denying Essociate leave to amend its contentions is further justified by the procedural history of this case. In January, Neverblue moved to dismiss Essociate's original complaint because it failed to particularly identify asserted claims and accused products. *Dkt.* # 21 at 6–8. When Essociate half-heartedly amended its complaint, Neverblue explained why its detail was still insufficient. *Dkt.* # 28 at 2–5. Now Essociate has served contentions that provide no additional substance or explanation of its infringement theories. Essociate has been on notice of the need to provide greater detail about its allegations for nearly three months. Its continued refusal to do so is unjustifiable. Accordingly, Essociate cannot demonstrate good cause to amend its infringement contentions and the Court should strike the contentions with prejudice.

## CONCLUSION

For the foregoing reasons, Neverblue respectfully prays the Court strike Essociate's infringement contentions with prejudice. Neverblue requests a hearing on this matter.

Dated this 10th day of May, 2012.


POLSINELLI SHUGHART PC

By: _____/s/ John A. Leja_____
JOHN A. LEJA *(Admitted Pro Hac Vice)*
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 873-3670
Facsimile: (312) 819-1910

ROBYN H. AST *(Admitted Pro Hac Vice)*
100 South 4th Street, Suite 1000
St. Louis, MO 63102

11

Telephone: (314) 889-8000
Facsimile: (314) 231-1776
ATTORNEYS FOR DEFENDANT
NEVERBLUE MEDIA COMPANY

## CERTFICIATE OF SERVICE

I hereby certify that on the 10th day of May, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent Notice of Electronic Filing to all registered counsel of record.

/s/ John A. Leja

12