IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **ESSOCIATE, INC.,** | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.: 3:11-cv-00714-WMC |
| v. | )<br>) |
| **NEVERBLUE MEDIA, INC.,** | )<br>)<br>) |
| Defendant. | ) |

**DEFENDANT NEVERBLUE MEDIA COMPANY'S
REPLY IN SUPPORT OF ITS MOTION TO STRIKE
PLAINTIFF ESSOCIATE, INC.'S INFRINGEMENT CONTENTIONS**

Defendant Neverblue Media Company ("Neverblue"), by and through its undersigned counsel, replies in support of its motion to strike Essociate, Inc.'s ("Essociate") infringement contentions:

**INTRODUCTION**

> The parties and their attorneys must at all times treat everyone involved in this lawsuit with courtesy and consideration. **The parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter** as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences.

*Dkt.* # 24 at 1 (emphasis added). This Court, like many, recognizes that the just, speedy, and inexpensive resolution of patent infringement cases is furthered by the early disclosure of the parties' infringement and invalidity defenses. Essociate and its counsel are experienced patent litigators. They know what is expected of them. But rather than being forthright and candid, Essociate drags its feet, withholds information, and forces Neverblue to engage in motion practice to obtain basic contentions to which it is entitled. Essociate had an element-by-element

1

analysis in its possession. Neverblue should not have had to beg for it and hope that it is complete. Nor should it have to continue to guess as to the scope of this case and the contours of the claims asserted against it. The deadline to file adequate infringement contentions was nearly two months ago. Essociate cannot – and, in its opposition, did not even attempt – to show good cause for its failure to meet it. Accordingly, its infringement contentions should be struck as inadequate, and Essociate should not be given leave to amend as it cannot show good cause.

## FACTS

On May 10, 2012, Neverblue filed its motion raising the stark inadequacy of Essociate's infringement contentions. *Dkt. # 37.* Four days later, Essociate sent a letter finally providing some semblance of a theory of infringement. *Dkt. # 41-2, May 14 Letter.* Although the letter is still somewhat vague as to the "accused instrumentality," it at least purports to provide an element-by-element analysis. *Id.* at 3–8. However, the letter merely provides "an example" of allegedly infringing conduct,[1] and Essociate has not sought leave to formally supplement its infringement contentions with this theory. *Id.* at 3.

## ARGUMENT

Essociate's infringement contentions did not and do not satisfy this Court's order and its May 14th letter is not a formal supplementation as Essociate never sought and this Court never granted leave to supplement. Essociate does not attempt to show good cause for its failure to file adequate infringement contentions. Instead, it ineffectively argues that Neverblue's case law regarding the purpose of contentions, the standard for obtaining leave to amend them, and the practice in this district are not relevant to the instant matter. Essociate's opposition underscores

---

[1] Thus, whether the letter sets forth the full scope of Essociate's infringement contentions is still not clear.

the inadequacy of its infringement contentions and illustrates why the scope of patent infringement cases must be precisely defined and the deadlines of the Court must be honored.

### I. Essociate's Infringement Contentions Do Not Satisfy the Court's Order

Essociate's infringement contentions do not define an accused product, do not include an element-by-element analysis, and do not articulate a cognizable infringement theory. Despite this, Essociate argues its contentions were sufficient as the Court's infringement contention deadline states, "[b]y this date, plaintiff must identify each claim in each patent being asserted against each accused device." Essociate's extreme position that it must do no more than identify claims is absurd. Pl.'s Resp. at 3. The practice in this district is no different than in any other district that routinely handles patent infringement cases. Infringement contentions must include *contentions*. They must set forth how a *defined* accused product allegedly infringes *each element* of the asserted claims. Essociate's contentions do not. They are inadequate.

### II. Essociate's May 14th Letter Is Not A Supplementation of Its Infringement Contentions

Essociate's May 14th Letter does not obviate the problems with its actual infringement contentions. The purpose of contentions is to define the scope of the case for discovery, summary judgment, and trial. *See O2 Micro, Inc. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Infringement contentions are fixed because this purpose would be frustrated if parties could shift their positions and change them at whim. Indeed, Court's only allow amendments to contentions after a party shows good cause for not providing them on schedule. *E.g., Sybase, Inc. v. Vertica Sys., Inc.*, No. 6:08 CV 24, 2009 WL 4574690, at *2–3 (E.D. Tex. Nov. 30, 2009). Thus, infringement contentions must be fixed and certain, and they may only be amended with leave of the Court.

Essociate's May 14th Letter cannot substitute for actual supplementation of infringement contentions. If any letter, email, or other communication articulating a theory of infringement is considered an "infringement contention," the purpose of formal contentions is lost. The scope of the case is never really known.

For example, Essociate's formal infringement contentions identified the accused device as "[t]he online affiliate marketing network **operated** by Defendant at <<http://www.neverblue.com>>." *Dkt.* # 38-4 (emphasis added). But there is no "network" operated at the neverblue.com website. *See Dkt.* # 38 & 38-7. In apparent response, in its May 14th letter, Essociate now identifies the accused instrumentality as "the online affiliate network **located** at <neverblue.com> and identified as the 'Neverblue affiliate network.'" *Dkt.* # 41-2 at 3 (emphasis added). Shifting again, in its opposition to this motion, Essociate now apparently contends "the accused device is an online affiliate marketing network that is **described** at the above URL." *Dkt.* # 40 at 3–4 (emphasis added).

This is shifting sands and Neverblue cannot confidently propose claim constructions while the accused product is in flux. The parties cannot go through document production, depositions, and expert reports, only to arrive at summary judgment or trial and find Essociate believed it changed its infringement theory when it sent a communication to counsel, or opined about a theory during a deposition, or otherwise purportedly changed its position. There must be certainty. *See Z Trim Holdings, Inc. v. Fiberstar, Inc.*, No. #, 2007 WL 5462414, at *2 (W.D. Wis. Sept. 26, 2007) ("In patent lawsuits filed in this court, moving targets are highly disfavored, late-presented moving targets are anathemas."). Infringement contentions must be explicitly designated as such.

Finally, the May 14th letter cannot serve to supplement or remedy the inadequacy of the infringement contentions for the simple reason that Essociate never sought leave to amend its contentions. The date for serving the contentions – April 6, 2012 – was a Court ordered deadline only subject to modification upon a showing of good cause. *Trustmark Ins. Co. v. Gen. & Cologne Life re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Essociate cannot circumvent the good cause requirement by styling something a "letter" rather than a formal supplemental contention.

### III. Neverblue Provided Valid Authority for Striking Essociate's Contentions

Essociate ignores Neverblue's argument and does not attempt to demonstrate good cause for their failure to file adequate infringement contentions. Instead, Essociate argues Neverblue's authority is irrelevant and a red-herring. Nothing can be further from the truth. Relying on Federal Circuit opinions and district court orders from the most active patent dockets in the country, Neverblue explained that, to fulfill their purpose, infringement contentions must consist of at least a parties' pre-filing investigation. Essociate's contentions did not meet that bare minimum standard even though it apparently had that information in its possession. Essociate cannot not argue lack of opportunity to review discovery as justifying their failure to meet the Court's deadline, particularly in view of its inadequate complaint. *Cf. Z Trim Holdings*, 2007 WL 5462414 at *1–2 (denying motion for leave to supplement expert report that was served thirteen days late).

### IV. Essociate's Withholding of Information Continues to Place Neverblue at a Competitive Disadvantage in this Case

Neverblue has been defending this case blindfolded for months. Within weeks of appearing in this case, Neverblue filed a motion to dismiss because Essociate's complaint was obviously and undisputedly deficient under this Court's application of the federal pleading

5

standard. *Dkt.* ## 20 & 21. When Essociate amended their complaint to give more – but still inadequate – notice of their claim, *see dkt.* # 25, Neverblue confirmed its position and explained Essociate had still failed to meet the minimum pleading standard as it had not accused a particular instrumentality of infringing specific claims. *Dkt.* # 28.

When the parties moved into written discovery, Neverblue requested more information about how it allegedly infringed Essociate's patent. On February 9, it served interrogatories expressly asking for detailed infringement contentions. *See* Ex. A at 13, 14. Essociate responded that it would "serve infringement contentions" that would answer those interrogatories. *Id.* Instead, Neverblue received infringement contentions that had no more detail than Essociate's Amended Complaint – which itself does not even satisfy the *pleading* standard.

For months, Neverblue has been litigating this case while having to speculate about how Essociate may argue Neverblue infringes. This whole time, Essociate has been aware of its theory and has been in possession of its pre-filing investigation. It should have provided the theory articulated in the May 14th letter in its Amended Complaint, or in response to Neverblue's interrogatories, or in Essociate's infringement contentions, but it did not. As this case progresses through the Court's schedule, Neverblue is meeting deadlines that carry substantial consequences. Neverblue has served its invalidity contentions,[2] identifed disputed claim terms, and proposed claim constructions. Both parties are also undoubtedly identifying experts to retain, determining witnesses to depose, and otherwise planning their strategy for this case.

---

[2] Unlike Essociate's infringement contentions, Neverblue's invalidity contentions were thorough and complete, totaling 195 pages, and were accompanied by a document production of more than 500 pages.

Throughout this process, Essociate has had the benefit of knowing its theory of infringement, while Neverblue has been relatively disadvantaged. Thus far, Essociate's practices of withholding relevant facts in its original and amended complaints and in its infringement contentions completely contravenes its obligation to securing "the just, speedy and inexpensive resolution" of this case. When complete infringement contentions are finally sprung from their traps, motions will be filed, extensions will be sought, schedules modified, documents re-searched, depositions retaken. Justice will be delayed and the cost of resolving this case, both for the parties and the Court, will rise.

## CONCLUSION

WHEREFORE, Neverblue respectfully prays the Court strike Essociate's infringement contentions with prejudice.

Dated this 29th day of May, 2012.

        POLSINELLI SHUGHART PC

        By:    /s/ John A. Leja
             JOHN A .LEJA *(Admitted Pro Hac Vice)*
             161 N. Clark Street, Suite 4200
             Chicago, IL 60601
             Telephone: (312) 873-3670
             Facsimile: (312) 819-1910

             ROBYN H. AST *(Admitted Pro Hac Vice)*
             100 South 4th Street, Suite 1000
             St. Louis, MO 63102
             Telephone: (314) 889-8000
             Facsimile: (314) 231-1776

             ATTORNEYS FOR DEFENDANT
             NEVERBLUE MEDIA COMPANY

## **CERTFICIATE OF SERVICE**

      I hereby certify that on the 29th day of May, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent Notice of Electronic Filing to all registered counsel of record.

                                                                     /s/ John A. Leja